# Commonwealth *v.* Schlessinger, Appellant.

*Practice—Motion for new trial—Motion not supported by depositions.*

On an appeal from the refusal of the lower court to grant a new trial, it appeared that an oral application for a continuance based on the absence of a material witness, was made when the case was called for trial, but that no proof was offered as to the whereabouts of the witness, or what he would testify to, or what effort was made to subpœna him. It also appeared that no depositions were taken in support of the motion for a new trial and that there were other witnesses who might have been called to prove the same facts to which it was claimed the absent witness would testify.

Under such circumstances, the court was not guilty of an abuse of discretion in refusing to grant a new trial.

Argued March 8, 1926.  Appeal No. 25, October ·T., 1926, by defendant, from judgment of M. C. Philadelphia County, September T., 1925, No. 370, in the case of Commonwealth of Pennsylvania v. Louis Schlessinger. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Affirmed.

Indictment for fornication and bastardy.  Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendant appealed.

*Error assigned* was the refusal of a new trial.

*Harry R. Back,* and with him *Michael Serody,* for appellant.

*Stuart L. Kirk,* Asst. District Attorney, and with him *Charles Edwin Fox,* District Attorney, for appellee.

HENDERSON, J., April 30, 1926:

The appellant's complaint is, that the court refused

to grant a new trial, the application being based on the alleged absence from the city of a material witness. The fact proposed to be proved by the witness was, that he was in the company of the defendant at the time the offense was alleged to have been committed, and for several hours before and after that time; and that the evidence of the prosecuting witness was not true with respect to defendant's·guilt. It does not appear from the record brought up, that an application for a continuance on account of the absence of the witness was presented when the case was called for trial. It is stated, however, in the opinion of the learned trial judge, that he had a recollection that defendant's counsel made an oral application for a continuance because of the absence of a material witness, but that no statement or proof was offered as to the whereabouts of the witness, or what he would testify to, or what effort was made to subpœna him. For that reason and because the prosecuting witness was in ill health of a serious character, the court refused to continue the case. An application for a new trial was made, which was overruled about a month later. In support of the application the defendant's counsel filed a paper purporting to be an ex parte affidavit of one Herman Goldstein, in which it was stated that the latter was with the defendant from about five o'clock in the afternoon of the day on which the prosecutor had testified the offense was committed, until the next morning, and that the defendant was not in the company of the prosecutor during that period. This paper was not signed by the alleged witness but at the end is signed by two initials, "H. G." It purports to have been sworn to on the 6th of November, 1925, before a person who signs the jurat "Miss Lamon." There is nothing on the face of the paper to indicate who she is or whether she had authority to administer an oath; no seal is attached indicating any official character. No depositions were taken in support of

the rule for a new trial and when the case came before the court on the argument list, the record exhibited the bare fact that defendant's counsel had made a motion for a new trial. As about a month intervened between the time the rule was granted and the action of the court, there is no reason apparent why some steps should not have been taken to support the rule by testimony of the witness.

It is further to be noticed that when the defendant was on the stand he testified in his own behalf as follows:

"Q. Is it true that you were in company with Miss Goldberg on the 31st of October, 1924?

A. It is not.

Q. Where were you on October 31, 1924?

A. I was to a party in South Philadelphia—South Eleventh Street—in the 2600 block. I don't know the exact address.

Q. Whose home was that?

A. Herman Goldstein's.

Q. Was Mr. Goldstein at that party?

A. He was.

Q. Were there any other people present besides Mr. Goldstein?

A. Yes, there were quite a few.

*      *      *      *      *      *      *      *      *      *      *      *

Q. What time did you get to Mr. Goldstein's house on the 31st of October, 1924?

A. Well, it was between 7:30 and 8:30.

Q. And how long did you stay there?

A. We stayed there until about three o'clock in the morning."

The prosecutor testified that she met the defendant about seven o'clock in the evening. The purpose of the defendant in testifying that he was at the party was to show he was at a place remote from that at which the intercourse was said to have occurred. The

house referred to by the defendant was the residence of Herman Goldstein, and there were numerous persons there besides Goldstein to prove the presence of the defendant. When the latter testified, he gave no intimation that Goldstein was with him continuously from five o'clock in the afternoon. The trial judge, when considering this feature of the case and the form of the paper by which the application for new trial was supported, could not be criticised if he rested under the impression that the importance of the presence of Goldstein at the trial was not as great as the earnest argument of the defendant's counsel implied. There was certainly no proper presentation of facts on which the court could be adjudged in error in refusing to continue the cause, and the rule for a new trial was no better supported. We are unable to find in the record any facts which would require us to hold that the court was guilty of an abuse of discretion in refusing to make the rule for a new trial absolute.

The assignments are overruled, the judgment affirmed, and the record remitted.

It is further ordered that the defendant appear in the court below at such time as he may be there called, and that he be by the court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.